Artur STEPANYAN, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–70919.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 23, 2010.

Nicolette Glazer, Law Offices of Larry R. Glazer, Century City, CA, for Petitioner.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Marion Guyton, Esquire, Trial, Oil, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM.**

Artur Stepanyan, a native of the former Soviet Union, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen and reinstate his appeal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of Stepanyan's motion, *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying as untimely Stepanyan's motion to reopen filed more than five years after the agency's final administrative decision. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must generally be filed within 90 days of the final administrative decision). Stepanyan did not contend in his motion to reopen that he failed to receive the BIA's June 8, 2001, order stating that the notice of appeal had been withdrawn, and the record reflects that the BIA sent the order to Stepanyan's address of record.

Stepanyan submitted no evidence to support his claim that his prior attorney lacked his authority to withdraw the appeal.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peal. We therefore reject Stepanyan's contention that the BIA acted ultra vires.

**PETITION FOR REVIEW DENIED.**